IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAWN C. WIGGINS,

    Plaintiff,

  v.

BARBARA HOUSELY; DPPM, Inc., d/b/a/ ZEPHYR REAL ESTATE,

    Defendants.

No. C 12-05430 WHA

**ORDER REMANDING TO BANKRUPTCY JUDGE FOR FURTHER FINDINGS**

Bankruptcy courts may hear proceedings related to bankruptcy, "core proceedings," as well as proceedings that are otherwise related to a core proceeding, "non-core proceedings." 28 U.S.C. 157(c). In non-core proceedings, the bankruptcy judge:

> shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

*Id.* 157(c)(1).

In this action, plaintiff brought claims against defendants under the Bankruptcy Code (Dkt. No. 2-3). The bankruptcy judge found that the claim against defendant Barbara Housely was a core proceeding and proceeded to enter judgment against her (*id.* at 3–6). Defendant DPPM, Inc., d/b/a Zephyr Real Estate did not concede that the claim against it was a core proceeding (*id.* at 6). Additionally, the bankruptcy judge only found Zephyr liable under state

law and not under the Bankruptcy Code (*ibid.*). Accordingly, under 28 U.S.C. 157(c)(1), the bankruptcy judge could not enter final judgment against Zephyr and instead only made proposed findings of fact and conclusions of law (Dkt. No. 2). The bankruptcy judge then transferred the proceeding to this district court.

Neither party filed timely objections to the bankruptcy judge's findings under 28 U.S.C. 157(c)(1). Rather, in briefs to the district court, the parties disputed three points that the bankruptcy judge's findings left silent — namely, (1) whether Housely and Zephyr were found liable on a joint and several basis; (2) whether Zephyr owed plaintiff attorney fees and costs; and (3) the amounts of any such fees and costs (Dkt. Nos. 8, 11). These disputed issues do not appear to have been raised in the bankruptcy proceeding, and the bankruptcy judge had no opportunity to make findings and conclusions on these three points.

Because the bankruptcy proceeding had the facts at hand this order **REMANDS** the action to the bankruptcy court for further findings of fact and conclusions of law on these three issues.

**IT IS SO ORDERED.**

Dated: March 5, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2