IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAWN WIGGINS,

  Plaintiff,

 v.

BARBARA HOUSELY, *et al.*,

  Defendants.

No. C 12-05430 WHA

**ORDER FINDING JOINT AND SEVERAL LIABILITY AND DENYING ATTORNEY'S FEES AND REFERRING TO UNITED STATES ATTORNEYS' OFFICE**

**INTRODUCTION**

  This action was transferred from the bankruptcy court in order to determine whether defendants are joint and severally liable and whether broker owes borrower attorney's fees. To the extent explained below, liability is joint and several and the request for attorney's fees is **DENIED**.

**STATEMENT**

  The relevant facts are laid out in the bankruptcy court's memorandum after trial (Dkt. No. 2). Defendant Barbara Housley is a licensed real estate agent. In December 2009, while working for broker Paragon Real Estate and Mortgage Services, Housley listed the property of plaintiff Dawn Wiggins for sale. The property was encumbered for more than its value and was in foreclosure, but Housley believed she could earn a commission by arranging a "short" sale. In March 2010, while the listing was still active, Housley left Paragon's employ and moved her license to broker and defendant DPPM, Inc., d/b/a Zephyr Real Estate (*ibid*.).

  The foreclosure sale on plaintiff's property was set for April 28, 2010. On April 14,

Housely sent Wiggins an email stating that she had identified an individual, defendant Roman Meacham, who could delay the sale of her house by one year. In exchange, he charged a fee of $300 and a filing fee of $280. Defendant Housely asked plaintiff if she were interested in such an agreement. At the time, plaintiff was on vacation in Europe on a cruise ship. On April 21, plaintiff told Housely that she would not be able to sign until April 28, too late to avoid foreclosure. Later that day, Housely responded, inquiring whether plaintiff would allow Housely to sign for her. Plaintiff agreed under the express condition that doing so was legal. Defendant Housely assured her that it was and proceeded to file a false Chapter Thirteen bankruptcy petition in plaintiff's name. Not only was the signature false, but the list of creditors falsely represented there were none other than the foreclosing secured creditor. Housely filed the false petition in April and it was dismissed in May, due to a failure to follow the Federal Rules of Bankruptcy Procedure (*ibid.*).

In September 2012, plaintiff brought a suit in bankruptcy court against defendants Housley, Meacham and Zephyr pursuant to Section 110 of the Bankruptcy Code, which provides:

> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor . . . and after notice and a hearing, the court shall order *the bankruptcy petition preparer* to pay to the debtor —
>
> (A) the debtor's actual damages;
>
> (B) the greater of —
>
>     (i) $2,000; or
>     (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>
> (C) reasonable attorney's fees and costs in moving for damages under this subsection.

11 U.S.C. 110(i)(1) (emphasis added).

The action against defendants Housley and Meacham was a core bankruptcy action based on Section 110. The bankruptcy court found that defendants were petition preparers, as defined by the Bankruptcy Code, and that they had violated the provisions of the Bankruptcy Code. The bankruptcy court accordingly entered a separate judgment against them in October 2012 (Dkt. No. 2).

2

The bankruptcy court found defendant Zephyr liable only on the state law theory of respondeat superior and for negligent supervision of Housley. Zephyr did not concede that the claim against it was a core bankruptcy proceeding (*ibid.*). Accordingly, under 28 U.S.C. 157(c)(1), the bankruptcy court could not enter final judgment against Zephyr and instead only made proposed findings of fact and conclusions of law. The bankruptcy judge then transferred the proceeding to this district court. Neither party filed timely objections to the bankruptcy judge's transfer under 28 U.S.C. 157(c)(1) (*ibid.*).

In this action, the parties herein dispute three points that the bankruptcy judge's findings left silent — namely, (1) whether Housely and Zephyr were found liable on a joint and several basis; (2) whether Zephyr was liable for plaintiff's attorney's fees and costs; and (3) the amounts of any such fees and costs (Reply Br. 3). These disputed issues were not raised in the bankruptcy proceeding, and the bankruptcy judge had no opportunity to make findings and conclusions on these three issues. A March 2013 order remanded this action to the bankruptcy court for further findings of fact and conclusions of law (Dkt. No. 14).

In June 2013, the bankruptcy court solicited briefing on these issues. On June 27, the bankruptcy court issued its further findings and conclusions, finding that defendants Housely and Zephyr were jointly liable and that Zephyr was not liable for attorney's fees and costs (Dkt. No. 16).

Plaintiff has objected to the bankruptcy court's findings. Plaintiff argues that defendant Zephyr is separately liable for the award against Housely and Meacham, and that Zephyr is liable for attorney's fees under Section 110 of the Code as the result of the actions of its employee, defendant Housley (Reply Br. 3).

**ANALYSIS**

**1. HOUSELY AND ZEPHYR ARE JOINT AND SEVERALLY LIABLE.**

All acts of a salesperson are considered acts of an employing broker and the employing broker is responsible for the acts of all salespersons and brokers licensed under the employing broker within the course and scope of their employment. *See* 2 Miller & Starr, California Real Estate 3d § 34:98 (citing *College Hospital Inc. v. Superior Court*, 8 Cal. 4th 704, 723 (1994)). The

3

bankruptcy court found that Housely was acting within the course and scope of her employment when she violated Section 110.

When an employer is vicariously liable for the acts of an employee, the liability is joint and several. *See Pac. Employers Ins. Co. v. Hartford Acc. & Ind. Co.*, 228 F.2d 365, 373 (9th Cir. 1955). While neither the Supreme Court nor the Ninth Circuit have applied this principle to violations of Section 110, other circuits have held employers joint and severally liable under the statute. *See In re Gaftick*, 333 B.R. 177, 185–86 (Bankr. E.D.N.Y. 2005). This order agrees. The bankruptcy court award against defendant Housely covered plaintiff's actual damages for the violation of Section 110. An award against Zephyr is compensation for the same damage. If plaintiff were allowed to recover separately from Zephyr and Housely, her recovery would be duplicative. To allow a separate award would turn the express text of Section 110 on its head. *See*, 11 U.S.C. 110(i)(1)(A) ([pay the debtor] "the debtor's actual damages"). Accordingly, in agreement with the bankruptcy court, this order finds Zephyr to be joint and severally liable for the violations of Section 110 committed by defendant Housely.

**2. ZEPHYR IS NOT LIABLE TO PLAINTIFF FOR ATTORNEY'S FEES AND COSTS.**

The legal issue presented is whether an employer, held vicariously liable for the acts of its employee under Section 110, can also be held liable for an award of statutory attorney's fees against the employee. The code states that attorney's fees shall be paid by the bankruptcy petition preparer for violations of the statute. 11 U.S.C. 110(i)(1)(c). The bankruptcy court held that Zephyr was not liable for attorney's fees because it was not the bankruptcy petition preparer.

While principals may be liable for the acts of their employees, the remedies against each is not always the same. For example, an employer liable for the wrongful acts of a salesperson is also liable for punitive damages, only if, the employer personally participated, knew of the salesperson's unfitness, or authorized or ratified the salesperson's wrongful conduct. *See Williams v. United States*, 248 F.2d 492, 496 (9th Cir. 1957). The fact that Zephyr is jointly liable with Housely for the actual damages to plaintiff does not make Zephyr liable for statutory attorney's fees, unless the statute expressly says so. Plaintiff has presented no authority holding an employer liable for attorney's fees under Section 110.

4

In a similar action involving a different statute, *Rony v. Costa*, the California Court of Appeal reversed the trial court's award of statutory attorney's fees against an employer on account of the acts of the employee. 210 Cal. App. 4th 746, 756–59 (2012). The court noted that under state law, statutory attorney's fees are costs, not damages and that "while principals may be liable for injuries caused by an agent . . . they do not necessarily face the same remedies as an agent." *Id*. at 758–59. It held that liability under respondeat superior did not make the employer liable for statutory attorney's fees awarded against an employee.

Plaintiff's attempt to distinguish *Rony* is not availing. According to plaintiff, *Rony* states that while respondeat superior by itself is not sufficient to support an award of attorney's fees, if the statute forming the basis of the claim for relief has an independent applicable fee provision, then the employer will be liable (Reply Br. 15–17). Not so. *Rony* stated, "[h]ad the Legislature intended the statute, and specifically the provision for attorney fees, to reach [the employer] . . . it could have said so." *Rony*, 210 Cal. App. 4th at 756. Section 110(i)(1) provides that if a *bankruptcy petition preparer* violates the provisions of the statute, the court shall order the bankruptcy petition preparer to pay attorney's fees. As with the statute at issue in *Rony*, had the legislature intended Section 110 of the Bankruptcy Code to reach the employer, it could have said so.

**CONCLUSION**

Having reviewed the recommendations *de novo*, this order hereby **ACCEPTS AND ADOPTS** Chief Bankruptcy Judge Alan Jaroslovsky's findings and recommendations in full. To the extent explained above, Zephyr is jointly and severally liable as Housley's employer for plaintiff's actual damages under Section 110(i)(1)(A) of the Bankruptcy Code, but is not liable for attorney's fees under Section 110(i)(1)(C). Judgment against Zephyr and in favor of Wiggins in the amount of $10,000 will be entered accordingly.

5

In light of the indications that defendant Housely and possibly others committed bankruptcy fraud, the Clerk shall forward a copy of this order to the United States Attorneys' Office.

**IT IS SO ORDERED.**

Dated: October 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE